COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Clements and Senior Judge Bray


ALMA R. MILBOURNE-BUSH

                                    MEMORANDUM OPINION*
v.    Record No. 3310-02-1              PER CURIAM
                                      APRIL 15, 2003
GATEWAY, INC. AND
 ST. PAUL MERCURY INSURANCE COMPANY


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Alma R. Milbourne-Bush, pro se, on brief).

          (Adam S. Rafal; Vandeventer Black, L.L.P., on
          brief), for appellees.


     Alma R. Milbourne-Bush (claimant) contends the Workers'

Compensation Commission erred in (1) finding that she failed to

prove that her disability and medical treatment after September

25, 2000 were causally related to her compensable January 2,

2000 injury by accident; and (2) failing to consider all

available medical records.  Upon reviewing the record and the

parties' briefs, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.

Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Unless we can say as a matter of law that claimant's evidence sustained her burden of proof, the commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying compensation and medical benefits to claimant after September 25, 2000, the commission found as follows:

> The claimant's treatment providers after September 25, 2000, have been unable to determine a cause for the claimant's condition.  Dr. [Marc] Garfield opined that her condition was "idiopathic."  Dr. [Frank] Mercer noted that the claimant's problems stemmed from "nerve damage," but there were no treatment records to support this opinion.  Moreover, Dr. [Karen] Barr, who treated the claimant at the same time as Dr. Mercer, clearly opined that the claimant did not suffer from nerve damage, based on thorough, detailed testing.  Dr. [Sidney] Loxley noted that he was unsure as to the etiology of the claimant's condition, but doubted it was physiologic.  Dr. Loxley did opine that the claimant had a "stretching injury of the nerve" but provided no explanation or basis for this opinion. Dr. [Robert] Snyder suspected the condition might be related to the claimant's diabetes.

> Despite certain inconsistencies noted in the claimant's presenting symptoms throughout her treatment, the evidence in general established decreased sensation in the claimant's right foot.  The claimant was required to show that her condition was the result of the accident.  The evidence that tended to show this connection was the uninterrupted history of symptoms and treatment since the accident.  There was no persuasive medical opinion, however, as to the cause of the claimant's numbness problem, which developed several months after the accident.  We find that a preponderance of the evidence did not

establish that the claimant's right-foot numbness was the result of the January 2000 accident.

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). As fact finder, the commission weighed the medical evidence, and concluded that it was not sufficient to prove by a preponderance that claimant's right foot numbness was the result of her January 2, 2002 compensable injury by accident. Drs. Garfield, Barr, Loxley and Snyder did not causally relate claimant's right foot numbness to her compensable accident. Dr. Mercer's opinion that claimant's right foot problem stemmed from nerve damage was not supported by any treatment notes. Thus, the commission was entitled to conclude that Dr. Mercer's opinion was of little probative value.

In light of the lack of any persuasive medical evidence causally relating claimant's symptoms after September 25, 2000 to her compensable January 2, 2000 injury by accident, we cannot find as a matter of law that claimant's evidence sustained her burden of proof.

We find no merit in claimant's argument that the commission did not review all available medical evidence in the record. To the contrary, the commission's opinion reflects a thorough and complete review of the medical records of numerous physicians.

- 3 -

We also note that we did not consider any medical evidence that was not properly before the commission when it rendered its decision.

For these reasons, we affirm the commission's decision.

Affirmed.